# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN BOUCHER, Inmate #K78439, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, SCOTT M. DEMPSEY, | ) | |
| EDWIN BOWEN, TERRY McCANN, | ) | CIVIL NO. 05-796-WDS |
| BILLY GROANING, RONALD McGILL, | ) | |
| LEANN PATE, ROGER E. WALKER, | ) | |
| JACKIE MILLER, LIEUTENANT | ) | |
| SANDERS, C/O ADAMSON, SERGEANT | ) | |
| DAVORAK, HEALTH PROFESSIONALS | ) | |
| LIMITED, and C/O STONE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a former inmate in the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts

does not constitute an opinion as to their merit.

**COUNT 1:**      Against Defendant Bowen for unconstitutional retaliation.

**COUNT 2:**      Against unspecified defendants for denying Plaintiff access to the courts.

**COUNT 3:**      Against unspecified defendants for denying Plaintiff exercise outside of his cell.

**COUNT 4:**      Against unspecified defendants for denying Plaintiff showers while on a hunger strike.

**COUNT 5:**      Against unspecified defendants for unconstitutional retaliation.

**COUNT 6:**      Against unspecified defendants for due process violations in a disciplinary hearing.

**COUNT 7:**      Against unspecified defendants for delaying delivery of Plaintiff's legal mail.

**COUNT 8:**      Against unspecified defendants for denying Plaintiff hygiene products.

**COUNT 9:**      Against unspecified defendants for depriving Plaintiff of his personal property.

**COUNT 10:**      Against unspecified defendants for deliberate indifference to Plaintiff's serious medical needs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim.

### COUNT 1

Plaintiff states that in retaliation for reporting on a "Captain Huges" for sexually assaulting three other inmates and for assisting those inmates in filing federal civil rights complaints, he was charged with "various minor infractions" by unspecified officials at Centralia Correctional Center. He was found guilty of these infractions and disciplined with two-months segregation, two-months lost good conduct credit, a two-month demotion to c-grade, and a disciplinary transfer to a higher security institution.  Defendant Bowen participated in adjudicating the disciplinary hearing.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on Plaintiff's allegations and these legal standards, Plaintiff may proceed on Count 1 against Defendant Bowen.

### COUNT 2

As a result of the disciplinary action, Plaintiff was transferred to Shawnee Correctional Center ("Shawnee") and placed in segregation.  For one month, Plaintiff was denied access to his legal papers and access to the prisoner law library, despite four court deadlines.  To protest the denial of legal papers, Plaintiff went on a hunger strike.  Unspecified defendants continued to deny

him legal materials for 56 more days.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* Plaintiff states that he had four court deadlines. He also states that he lost one case on summary judgment because of his inability to amend his complaint.

Plaintiff may have stated facts sufficient to constitute a denial of access-to-courts claim. However, the Court finds that Plaintiff has ultimately failed to state a claim because he has not specified by name any defendants personally responsible for denying this constitutional guarantee. [T]o be held individually liable under section 1983, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting   Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just

- 4 -

enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant in the caption of the complaint is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff does not name any defendants responsible here, he has failed to state a claim. Count 2 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 3

Plaintiff states that in segregation and during his hunger strike at Shawnee he was denied exercise and was not allowed to leave his cell for one hour per day.

Plaintiff claims that he was deprived of exercise time while he was in segregation. The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236. Plaintiff appears not to have been deprived of all exercise, however, but only denied out-of-cell exercise. Although space may have been limited, Plaintiff could have improvised by jogging in place or by doing aerobics in his cell. *See e.g., Harris*, 839 F.2d at 1236. Consequently, Plaintiff has failed to state a claim regarding denial of exercise.

Plaintiff also seems to believe that he is entitled to one hour per day outside of his cell while in segregation. An inmate has no liberty interest in movement outside of his cell. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, Plaintiff has no claim that he was entitled

- 5 -

to time outside of his cell while in segregation.  Plaintiff has failed to state a claim under either legal theory in this Count.  Consequently, Count 3 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

<h2 align="center">COUNT 4</h2>

Plaintiff states that he was not allowed to shower during his hunger strike until doctors ordered corrections staff to provide Plaintiff with showers.  All told, Plaintiff received only two showers in the 56 day period.

These facts most closely resemble a challenge to the conditions of Plaintiff's confinement. Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society."  *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

Without making a determination as to whether denial of showers for 56 days is sufficient to

state a claim under the Eighth Amendment, the Court finds that Plaintiff has failed to state a claim because he has not named any individuals responsible for causing this deprivation. As specified in Count 2 above, to be held individually liable under section 1983, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville*, 266 F.3d at 740. Because Plaintiff does not name any defendants personally responsible here, he has failed to state a claim. Count 4 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 5

Plaintiff next states that while he was in segregation at Shawnee he wrote a letter to the Illinois Auditor General and disclosed confidential information of misappropriation of $170,000 of state funds by officials at Centralia Correctional Center. Plaintiff was later interviewed by internal affairs. Plaintiff states that two months later he was charged with assisting other prisoners in preparing legal papers and other unspecified rule violations. The Court believes Plaintiff is attempting to state a retaliation claim.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). To state a retaliation claim, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). While the facts alleged by Plaintiff here may be sufficient to constitute a retaliation claim, the claim ultimately fails because Plaintiff has not named any defendants personally responsible for retaliating against him. Accordingly, Plaintiff has failed to state a retaliation claim. Count 5 is **DISMISSED** from the action

without prejudice.  *See* 28 U.S.C. § 1915A.

**COUNT 6**

After being issued the disciplinary report described in Count 5, Plaintiff was immediately placed in segregation.  At the subsequent disciplinary hearing, Plaintiff requested that certain documents be read into the record, but they were not.  Plaintiff was found guilty of the charges and disciplined with six months segregation, six month denial of library privileges, six months c-grade, and revocation of six months good conduct credit.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.   In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the

- 8 -

remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for six months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit. Plaintiff also claims that he was demoted to c-grade for six months. However, these allegations do not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade).

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El  v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, Count 6 is **DISMISSED** without prejudice to Plaintiff bringing his claim regarding lost good conduct credit in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

## COUNT 7

Plaintiff was transferred to Lawrence Correctional Center ("Lawrence") and was immediately placed in segregation.[1]  Plaintiff states that he received seven pieces of legal mail. Shortly thereafter, he was taken to an isolation cell in the infirmary for eight days (he does not state why).  During the eight days in isolation he was denied those pieces of legal mail.  They were returned to him upon his release from the isolation cell.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions."  *Id.*  Plaintiff has not alleged that any of his legal cases were prejudiced by the short-term denial of those pieces of legal mail.  Therefore, based on these legal standards and Plaintiff's allegations, Plaintiff has failed to state a claim of constitutional dimension. Accordingly, Count 7 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 8

Plaintiff states that during his eight days in isolation at Lawrence he was not allowed to shower and received no hygiene products or underwear.  After Plaintiff was transferred out of isolation he was denied hygiene products for eight more days.

---

[1]For medical reasons, Plaintiff had a brief interim stay at Logan Correction Center, where he was "well cared for by prison staff and doctors."

No constitutional principle requires that inmates be permitted to own or receive hygiene items for the sake of owning cosmetics, but the deprivation of essential items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy and at that point, a constitutional right may be implicated.  In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234.  The Circuit noted that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Id.* at 1235-36.  The Circuit then noted that "[a]lthough Harris experienced considerable unpleasantness, he suffered no physical harm," *id.* at 1235, and found that the conditions simply did not rise to the level of an Eighth Amendment violation.

Without making a determination as to whether Plaintiff's alleged denial of hygiene items for sixteen days constitutes an  Eighth Amendment violation, the Court finds that Plaintiff has failed to state a claim here because, again, he has not named any defendants personally responsible for a potential constitutional violation as required under section 1983.   Accordingly, Count 8 is **DISMISSED** from the action without prejudice.  *See* 28 U.S.C. § 1915A.

### COUNT 9

Plaintiff states that after he arrived at Lawrence, his personal property was delayed for an unspecified time.  When he did receive it, his television was broken, numerous items were missing, and the rest had been "soaped" and therefore ruined.

The only constitutional right that might be implicated by these facts is plaintiff's right, under

- 11 -

the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, plaintiff has no claim under Section 1983.  Accordingly, Count 9 is **DISMISSED** from the action without prejudice to Plaintiff's filing the claims in state court.  *See* 28 U.S.C. § 1915A.

### COUNT 10

Plaintiff states that he suffers from chronic heart disease, arteriosclerosis, and undiagnosed Parkinson's disease with symptoms that include a "staggering gait" and "uncontrollable movements and shaking."  When Plaintiff was moved out of segregation at Lawrence, he was required to carry his 70-pound property box by himself, without help from available porters, despite his medical conditions.  Because he could not carry it, he had to push it along the concrete floor.  The pushing caused him to fall over the box, injuring his knee.  After he was moved into a new cell, he asked to see a nurse because his knee had become swollen and was bleeding, but unspecified defendants denied his request.  After several hours, he was taken to see a nurse.  She offered him an ice pack, but defendants would not let Plaintiff use the ice pack without an order from a physician.  In the days after his fall, unspecified guards intentionally left obstacles in Plaintiff's path, causing him to fall again.  Plaintiff states that in addition to the denial of treatment for his knee, unspecified medical

- 12 -

personnel have "continually avoided diagnosing" Plaintiff with Parkinson's disease and therefore have denied treatment for his symptoms.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official

- 13 -

knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Without making a determination as to whether Plaintiff has stated facts that may constitute a claim of deliberate indifference to his serious medical needs, the Court finds that Plaintiff has failed to state a claim because he has not specified by name any defendants personally responsible for denying him medical treatment or not accommodating his medical needs. Accordingly, Count 10 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

### DISPOSITION

- 14 -

Plaintiff may proceed on Count 1 of the complaint against Defendant Bowen.  All other counts are **DISMISSED** from the action as specified above.  All other named defendants are also dismissed.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for ***Defendant Bowen*** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff 1 USM-285 form with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendant Bowen***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendant Bowen*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

- 15 -

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  December 18, 2006**


**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**